IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 1:88-cr-01026-MP

JOSE ELIAS SEPULVEDA,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on Doc. 3479, Report and Recommendation of the Magistrate Judge, recommending that the Court deny the following motions: doc. 3336, the motion under 28 U.S.C. § 2255; doc. 3337, the motion to appoint counsel; and doc. 3366, the motion for disciplinary actions or sanctions against the prosecutor.  Mr. Sepulveda, through retained counsel, filed objections to only certain of the Magistrate Judge's recommendations. The defendant stated that his "specific objections focus on Magistrate Kornblum's discussion of what he describes as Defendant's 'forced choice between right to counsel and right to speedy trial' and what the Magistrate describes as '<u>Apprendi</u> and <u>Blakely</u>' issues."  Having reviewed the objections and the record, the Court determines that the Report and Recommendation should be adopted.

In the 28 U.S.C. § 2255 motion, Mr. Sepulveda brings eleven claims.  The Court agrees with the Magistrate Judge that the Eleventh Circuit expressly addressed and rejected claims number 1 though 6 and 11.  The undersigned will not reconsider them here.  With regard to the seventh claim, the Court agrees with the Magistrate Judge that removing Defendant from the courtroom during the last six minutes of the government's closing argument was justified and did

not prejudice the defendant.

The eighth claim is one of the two specifically raised in the objections to the Report and Recommendation. In this claim, Petitioner argues that he was forced to choose between his speedy trial rights or his right to counsel. This argument is misplaced in the context of this case. Petitioner failed to prove his indigency and then refused to hire counsel after court-appointed counsel was denied. It was Petitioner's own stubbornness in providing false information regarding his assets that put him in this false dilemma. Had he admitted the ownership of the funds, then his current argument that they would be subject to forfeiture and not able to be used toward attorney's fees could have been considered. But he instead tried to have his cake and eat it too. Appellate counsel was not ineffective for failing to raise this meritless argument.

Additionally, with regard to the ninth claim, the Court agrees that nothing in the transcript or affidavits supplied by Petitioner shows any violation of the witness sequestration rules. Accordingly, appellate counsel was not ineffective for failing to raise this as an argument on appeal.

The Court's contempt citations and the sentences based on them, the bases of claim ten, were properly arrived at and calculated. Accordingly, appellate counsel was not ineffective for failing to raise any argument based on them.

The Petitioner's objections also specifically discuss his eleventh claim, based on <u>Apprendi</u>, <u>Blakely</u> and their progeny. The Petitioner admits that the Eleventh Circuit has rejected his <u>Apprendi</u> arguments on direct appeal, but comments that "The Eleventh Circuit's reasoning sounds suspiciously like the sort of objective 'reasonable jury' test proscribed by <u>Sullivan</u> [an earlier Supreme Court case], and Defendant urges this court to consider that the jury

instruction during trial in the instant case to disregard drug amounts is an <u>Apprendi</u> violation of an order of magnitude beyond being merely harmless." Additionally, the Petitioner also wants this Court to reconsider the Eleventh Circuit's decisions that <u>Blakely</u> and <u>Booker</u> do not apply retroactively on collateral review. In other words, Petitioner wants this Court to second guess the Eleventh Circuit's harmless error analysis in this case and its retroactivity decisions in general. It is not the province of a federal district court to reconsider the decisions of the circuit court of appeal. These claims are therefore rejected.

Finally, the undersign concurs with the Magistrate Judge that appointment of counsel is not justified at this stage, and that nothing in the record and pleadings supports a finding of improper conduct by the government. Accordingly, the motion for sanctions is not well taken.

In accordance with the above, it is hereby

**ORDERED AND ADJUDGED:**

The Report and Recommendation of the Magistrate Judge (doc. 3479) is adopted and incorporated herein. The motion under § 2255 (doc. 3336) is denied in all respects. The motion for appointment of counsel (doc. 3337) is denied. The motion for disciplinary action or sanctions (doc. 3366) is denied.

**DONE AND ORDERED** this  _3rd_   day of November, 2008

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge