IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.                                    Case No.: 1:88cr1026/MW/GRJ

JOSE ELIAS SEPULVEDA,

       Petitioner.

---

## REPORT AND RECOMMENDATION

       Petitioner Jose Elias Sepulveda has filed a Motion for Relief From

Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6).  (ECF No.

3550.)  Petitioner is seeking relief from the November 3, 2008, order

adopting the report and recommendation which recommended denial of his

motion to vacate under 28 U.S.C. § 2255.  After a careful review of the

record and the arguments presented, the Court concludes that Petitioner's

motion should be summarily dismissed.

## BACKGROUND and ANALYSIS

       In 1988, Petitioner was charged with conspiracy to import marijuana,

hashish oil, and cocaine; conspiracy to possess with intent to distribute

Case No.:  1:88cr1026/MW/GRJ

those substances; importation of marijuana; possession with intent to distribute marijuana; and interstate travel in aid of an unlawful activity. Petitioner fled and was a fugitive until 1997.  In August of 1998, a jury found Petitioner guilty of conspiracy to import marijuana, hashish oil, and cocaine and conspiracy to possess with the intent to distribute those substances.  He was found not guilty on the other three counts.  (ECF No. 2935.)  The Court sentenced Petitioner to a life sentence on both counts to run concurrently, after finding him responsible for 10,251 kilograms of marijuana and 206 kilograms of cocaine.  (ECF No. 3022.)  Petitioner appealed, and the Eleventh Circuit affirmed his convictions and sentence. *United States v. Sepulveda*, 55 F. App'x 900 (11th Cir. 2002) (ECF No. 3321.)

In July 2004, Petitioner filed a § 2255 motion, and in February of 2008, the magistrate judge issued a report and recommendation recommending denial of the motion.  (ECF Nos. 3336, 3479.)  On November 3, 2008, the district judge adopted the report and recommendation and denied Petitioner's § 2255 motion.  (ECF No. 3514.) Petitioner appealed this denial.  In 2009, the Eleventh Circuit denied a certificate of appealability, and the United States Supreme Court denied

certiorari.  (ECF Nos. 3533, 3538.)  Petitioner has not filed any additional

motions until he filed the instant Rule 60(b) motion.

In his motion, Petitioner argues that his Sixth Amendment right to

counsel was violated when the trial court failed to appoint him substitute

counsel after granting a motion to withdraw filed by his counsel citing a

severe conflict of interest.  Petitioner claims that the Court found, "without

hearing or further inquiry" that he did not qualify for court appointed counsel

despite his showing that he had no assets and any assets imputed to him

were in the possession of the Government.  (ECF No. 3550 at 25.)

The record shows otherwise.  After granting the motion to dismiss,

the Court instructed Petitioner to file an affidavit listing his financial assets.

Petitioner did not comply with the Court's instructions.  The Court denied

Petitioner's motion for appointment of counsel only after making the finding

that the filings Petitioner finally submitted did not qualify him for appointed

counsel.  (ECF No. 2865.)  Thereafter, the court held two hearings on

Petitioner's representation and advised him to appeal the denial of counsel

several times.  (*See* ECF Nos. 2886; 2902; 2910, 2911, 2915.)  Petitioner

did not appeal and proceeded to trial *pro se.*

Case No.:  1:88cr1026/MW/GRJ

Petitioner expressly raised this issue on direct appeal, which was rejected by the Eleventh Circuit. On direct appeal Petitioner argued that he was denied appointment of counsel in violation of the Sixth Amendment and the Criminal Justice Act, 18 U.S.C. § 3006A.  The Eleventh Circuit rejected the claim, finding as follows:

> We find that the trial court did conduct sufficient evidentiary proceedings on which to base a decision to deny appointed counsel to Sepulveda.  Sepulveda was required by the court to submit an affidavit listing his assets.   He did not do so prior to the hearing at which his request for appointed counsel was to be addressed.  At that hearing, Sepulveda made conclusory assertions that he had no assets.  The court explained to him that such assertions were insufficient and that Sepulveda was required to provide detailed information regarding his financial status.  The court permitted him to file an affidavit within thirty days.  He filed nothing during that time and subsequently filed an unsigned and unsworn affidavit.  When the court rejected that filing, Sepulveda finally filed an affidavit some three months after it had been required by the court.  The affidavit he did file was both incomplete and patently incredible.  Sepulveda stated he had no assets and no substantial source of income over the previous decade.  He listed no income or assistance from his girlfriend, Gloria Reyes, even though he acknowledged in open court that she had been paying for his legal representation.  By failing to file even a superficially believable affidavit of indigency, Sepulveda failed to meet the burden of establishing that he qualified for appointed counsel.

(ECF No. 3321 at 11-12) (footnote omitted.)  The Eleventh Circuit also noted that evidence adduced at trial "established that Sepulveda had

Case No.:  1:88cr1026/MW/GRJ

substantial undisclosed assets and income within his control." (*Id.* at 11, n.5.)

Petitioner raised the same appointment of counsel issue in his § 2255 motion filed in 2004.  The magistrate judge declined to reconsider the issue because it had been fully raised and rejected on direct appeal.  (ECF No. 3479 at 7.)  *See United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) (holding that once a matter has been decided adversely to a defendant on direct appeal, it cannot be relitigated in a collateral attack under section 2255).[1]  The district judge agreed with the magistrate judge's conclusion that Petitioner's appointment of counsel claim had been

---

[1] In his § 2255 motion Petitioner also raised the issue that the trial court erred in denying him counsel because he was not fluent in the English language which prejudiced his ability to mount a competent defense.  The magistrate judge denied the claim, noting that the trial court specifically found that Petitioner was fluent in English. After reviewing the court record, the magistrate judge stated, "[f]or the most part, [Petitioner]'s pleadings and letters show a mastery not only of English words and phrasing but also the rules of grammar and punctuation which far exceeds that of many native-born litigants (and some attorneys) who appear in this Court.  He has also demonstrated a remarkable command of the law and its niceties."  (ECF No. 3479 at 6.) The magistrate judge concluded, "[i]n short, [Petitioner], who has lived in the United States almost all of his life, see PSR, is not a defendant who suffers from an inability to communicate effectively in English, and thus, the Court did not err in denying him appointment of counsel for this reason."  (*Id.*).  In his Rule 60(b) motion, Petitioner argues that he was not sufficiently proficient in English to adequately represent himself at trial or to complete a financial affidavit.  (*See* ECF No. 3550 ¶¶ 67, 75.)  To the extent that Petitioner is relying on his lack of fluency in English to support the allegations in his instant motion, the magistrate judge's determination that Petitioner was indeed proficient in English is dispositive.
Case No.:  1:88cr1026/MW/GRJ

expressly addressed and rejected on direct appeal.  (ECF No. 3514 at 1.)

Accordingly, Petitioner's § 2255 motion was denied.

Generally, Rule 60(b) of the Federal Rules of Civil Procedure

authorizes a court to relieve a party from a final judgment or order for

limited reasons including mistake, newly discovered evidence, and fraud or

misrepresentation.  Rule 60(b)(6) provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a
> party ... from a final judgment, order, or proceeding for the following
> reasons: (6) any other reason justifying relief.

Fed. R. Civ. P. Rule 60(b)(6).  A movant seeking relief pursuant to Rule

60(b)(6) must show "extraordinary circumstances" justifying the reopening

of a final judgment.  *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

However, a Rule 60(b) motion cannot be used to circumvent the prohibition

on filing unauthorized successive post-conviction challenges. *See*

*Gonzalez*, 545 U.S. at 530-32 (addressing a 28 U.S.C. § 2254 petition);

*Franqui v. Florida*, 638 F.3d 1368, 1371-73 (11th Cir. 2011) (applying

*Gonzalez* to a § 2255 motion).  The Supreme Court has held that Rule

60(b) motions are to be considered impermissible successive habeas

petitions if the prisoner either (1) raises a new ground for substantive relief,

or (2) attacks the habeas court's previous resolution of a claim on the

merits.  *Gonzalez*, 545 U.S. at 531-32.

In his Rule 60(b) motion, Petitioner raises the same appointment of

counsel claim that he raised on direct appeal and in his 2004 § 2255

motion.  The claim was adjudicated on the merits by the Eleventh Circuit,

and it was properly denied in his § 2255 motion because it could not be

relitigated on collateral review.

Accordingly, Petitioner's Rule 60(b) motion is properly construed as

an unauthorized successive § 2255 motion.  Before a second or successive

application for § 2255 relief is filed in the district court, a Petitioner must

move in the appropriate court of appeals for an order authorizing the district

court to consider the application.  28 U.S.C. § 2244(b)(3) and § 2255(h);

*Felker v. Turpin,* 518 U.S. 651 (1996).  Absent that authorization, this court

lacks subject matter jurisdiction to consider his motion.  Petitioner has not

obtained authorization from the Eleventh Circuit to file a successive motion.

Therefore, the instant Rule 60(b) motion must be dismissed because the

court lacks jurisdiction to consider Petitioner's successive § 2255 motion

without proper authorization.

Case No.:  1:88cr1026/MW/GRJ

In the alternative, if Petitioner's instant motion is not properly construed as an unauthorized successive § 2255 motion, it is untimely.  A motion filed under Rule 60(b)(1), (2), or (3) must be filed within one year of the entry of the judgment.  Rule 60(c)(1).  A motion filed under the catchall provision of Rule 60(b)(6) must be filed within a "reasonable time ... after the entry of the judgment or order."  *Id.*

In this case, the order denying Petitioner's § 2255 motion was issued on November 3, 2008.  Petitioner's Rule 60(b)(6) motion was filed on September 6, 2018, almost ten years after the order was issued.  Petitioner explains the delay by stating that he is indigent and that the funds used to pay his counsel came from family members who needed the time to save the money for him to hire counsel.  (*See* ECF No. 3550 at 34-35.) Petitioner does not cite any case law supporting his argument that such a lengthy delay based on financial hardship is reasonable.  Petitioner did not file his Rule 60(b) motion within a reasonable time; therefore, it should be dismissed as untimely.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of

Case No.:  1:88cr1026/MW/GRJ

appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b). Similarly, an appeal of the denial of a Rule 60(b) motion requires a certificate of appealability. *Williams v. Chatman,* 510 F.3d 1290, 1294 (11th Cir. 2007); *Gonzalez v. Sec'y for Dept. of Corrections*, 366 F.3d 1253, 1263 (11th Cir. 2004).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1.    Petitioner's Motion for Relief From Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6) (ECF No. 3550) should be **SUMMARILY DISMISSED** for lack of jurisdiction.  In the alternative, it should be **DENIED** as untimely.

2.    A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 20th day of September, 2018.


*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge




## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.




Case No.:  1:88cr1026/MW/GRJ