IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 1:88-cr-1026-MW-GRJ

JOSE ELIAS SEPULVEDA
_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Petitioner Jose Sepulveda's "Motion for

Relief from Void and Default Judgment" pursuant to Federal Rule of Civil

Procedure 60(b)(4), filed on October 7, 2019.[1]  ECF No. 3556.  The motion

is ripe for the Court's consideration.  For the reasons discussed below, it is

respectfully **RECOMMENDED** that Petitioner's Rule 60(b)(4) motion should

be **DISMISSED** or, alternatively, **DENIED**.

## I.  BACKGROUND

In 1988, Petitioner was charged in a multi-count, multi-defendant

indictment with: conspiracy to important marijuana, hashish oil, and

cocaine; conspiracy to possess with the intent to distribute the

---

[1] Although the Court's docket reflects a filing date of October 15, 2019, the "mailbox rule"
applies because Petitioner is incarcerated and proceeding *pro se*.  *Romanes v. Sec'y,
Dep't of Corr.*, 621 F. Supp. 2d 1249, 1264 n.10 (M.D. Fla. 2008) (citing *Houston v. Lack*,
487 U.S. 266 (1988); *Adams v. United States*, 173 F.3d 1339 (11th Cir. 1999)).

aforementioned substances; importation of marijuana; possession with intent to distribute marijuana; and interstate travel in aid of unlawful activity. Petitioner fled and was a fugitive until his arrest in 1997.  ECF No. 2756. On August 4, 1998, a jury found Petitioner guilty of conspiracy to import marijuana, hashish oil, and cocaine, as well as conspiracy to distribute and possess with the intent to distribute those substances.  ECF No. 2935 at 1–2.  The jury found Petitioner not guilty on three counts.  *Id.* at 2–3.  After finding Petitioner was responsible for conspiring to traffic 10,251 kilograms of marijuana and 206 kilograms of cocaine, the Court sentenced him to concurrent terms of life imprisonment.  ECF Nos. 3021, 3022.

Petitioner appealed, ECF No. 3025, and, in 2002, the Eleventh Circuit affirmed his conviction and sentence, ECF No. 3321.  Notably, the Eleventh Circuit rejected Petitioner's arguments that: (1) he was denied appointed counsel in violation of the Sixth Amendment and 18 U.S.C. § 3006A; (2) the requirement he wear a stun belt during trial violated his constitutional rights to be present at trial and to participate in his defense; and (3) his sentences on the drug trafficking conspiracy violated the Sixth Amendment and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because the jury did not make a finding as to the quantity of drugs in issue.  *Id.* at 3.

2

On July 6, 2004, Petitioner filed a motion to vacate his conviction under 28 U.S.C. § 2255. ECF No. 3336. Petitioner raised eleven grounds for relief, including ineffective assistance of counsel and a denial of due process concerning the trial court's determination of whether to appoint him counsel. *Id.* at 4–7. Magistrate Judge Alan Kornblum issued a report and recommendation on February 26, 2008, recommending the denial of Petitioner's post-conviction motion. ECF No. 3479. On November 3, 2008, the district judge adopted Judge Kornblum's report and recommendation, over Petitioner's objections, and denied the § 2255 motion, ECF No. 3514. Both the district court and the Eleventh Circuit declined to issue a certificate of appealability. ECF Nos. 3521, 3533. In 2009, the United States Supreme Court denied Petitioner's petition for certiorari. ECF No. 3538.

Petitioner's case sat dormant until July 25, 2018, when attorney Jamie Halscott filed a notice of appearance on Petitioner's behalf. ECF No. 3549. Six weeks later, on September 6, 2018, Petitioner, through counsel, filed a "Motion for Relief from Judgment" pursuant to Federal Rule of Civil Procedure 60(b)(6). ECF No. 3550. Petitioner asserted that he sought relief from the district court's November 3, 2008, order denying his § 2255 motion to vacate, *id.* at 1, but his sole claim was that his "Sixth Amendment right to counsel was violated when the [district] court found, without a

3

hearing or further inquiry, that petitioner did not qualify for court-appointed counsel," *id.* at 25. On September 20, 2018, the undersigned recommended dismissal of Petitioner's Rule 60(b)(6) as an unauthorized successive § 2255 motion (over which the district court lacked jurisdiction). ECF No. 3551 at 7. The undersigned also concluded that his motion was untimely and the record belied Petitioner's underlying collateral attack. *Id.* at 3–6, 8. The district court adopted the undersigned's report and recommendation and dismissed Petitioner's Rule 60(b)(6) motion for lack of jurisdiction. ECF No. 3553.

Petitioner, this time *pro se*,[2] returns to the Court with a different post-conviction motion but the same constitutional challenge to his conviction. ECF No. 3556. That is, Petitioner argues it was a "jurisdictional defect to ultimately deprive him the assistance of counsel," rendering his conviction and sentence "void." *Id.* at 6–7. Petitioner argues that Rule 60(b)(4) is a proper vehicle for this claim because he is challenging the validity of the 2004 order denying his § 2255 motion, which was a civil matter, and there is no time limit to attack a judgment as void. *Id.* 3, 6.

---

[2] Petitioner's motion begins with a narrative describing his disagreement with his former post-conviction counsel, Mr. Halscott, over whether his 2018 motion should have been filed pursuant to Rule 60(b)(4) or 60(b)(6). ECF No. 3556 at 1. This disagreement is irrelevant to resolving the instant motion and, therefore, will not be addressed further.

## II.  DISCUSSION

Petitioner's motion fails for several reasons.  It is an unauthorized successive § 2255 motion.  It was untimely filed under Rule 60(d).  It is a rehash of the same Sixth Amendment challenge Petitioner has raised at every juncture in this case so far.  The undersigned will address these reasons below, but, ultimately, Petitioner's motion is due to be dismissed or, alternatively, denied.

### A.   Petitioner's Rule 60(b)(4) motion is an unauthorized successive § 2255 motion.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") limits federal prisoners to a "single collateral attack" of their conviction or sentence "'unless the conditions of [§ 2255(h)] have been met.'" *McCarthan v. Dir. Of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1090 (11th Cir. 2017) (en banc) (quoting *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002)).  This Court must dismiss a successive § 2255 motion unless the movant has obtained authorization from the Eleventh Circuit to file the motion.  *Bowles v. Sec'y, Fla. Dep't of Corr.*, 935 F.3d 1176, 1180 (11th Cir. 2019); *see also* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

Rule 60(b) of the Federal Rules of Civil Procedure "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances, including fraud, mistake, and newly discovered evidence."  *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Pertinent here, a party may move for relief from "a final judgment, order, or proceeding" if "the judgment is void."  Fed. R. Civ. P. 60(b)(4).  This rule, however, applies only to the extent it is not inconsistent with the proscriptions of the AEDPA.  *Gonzalez*, 366 F.3d at 529; *see also* Rule 12, Rules Governing Section 2255 Proceedings ("The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.").

Consequently, the "second or successive" bar applies to "§ 2255 motions made under the guise of Rule 60(b)."  *Keehn v. United States*, No. 20-10329, 2020 WL 5200668, at *1 (11th Cir. Sept. 1, 2020) (unpublished). A Rule 60(b) motion must be treated as a successive § 2255 motion if it: (1) "seeks to add a new ground for relief"; or (2) "attacks the federal court's previous resolution of a claim *on the merits*[.]"  *Gonzalez*, 545 U.S. at 532 (emphasis in original).  Conversely, the Court may entertain a Rule 60(b) motion that points to "some defect in the integrity of the federal habeas

6

proceedings." *Gonzalez*, 545 U.S. at 532; *see also Williams v. Chatman*, 510 F.3d 1290, 1293–94 (11th Cir. 2007).

A straightforward application of these principles supports the conclusion that the instant Rule 60(b)(4) motion is an unauthorized successive § 2255 motion. The crux of Petitioner's motion is that the trial court violated his Sixth Amendment right to counsel. ECF No. 3556 at 18. This is not an attack on the integrity of the Court's prior federal habeas proceedings but on the resolution of the same claim in prior proceedings. Indeed, Petitioner concedes (several times) in his motion that he is challenging the trial court's jurisdiction to enter his conviction and impose sentence, which resulted in the criminal judgment against him. *See, e.g.*, *id.* at 11 ("Sepulveda contends judgment entered denying ground two of his § 2255 motion rests on a void judgment which is a legal nullity."); *id.* at 18 ("Sepulveda contends that the trial court lost its jurisdiction to proceed when it failed to appoint him counsel for the court order financial affidavit and subsequent trial."). That is the province of a § 2255 motion. *See Gonzalez v. Sec'y for Dep't of Corr.*, 366 F.3d 1253, 1260 (11th Cir. 2004), *aff'd sub nom.*, *Gonzalez v. Crosby*, 545 U.S. 524 (2005) ("A § 2255 motion is aimed at having a judgment of conviction and sentence set aside because of some constitutional violation, jurisdictional defect, or other

7

ground that makes the judgment subject to collateral attack.").

Because Petitioner did not obtain authorization from the Eleventh Circuit to file his motion, the Court lacks jurisdiction to consider the claim raised therein. *Bowles*, 935 F.3d at 1180; *see also Keehn*, 2020 WL 5200668, at *1. Petitioner's successive § 2255 motion, styled as a Rule 60(b)(4) motion, is, therefore, due to be dismissed.

### B.    Petitioner's Rule 60(b)(4) motion is untimely and improper.

Even assuming the Court has jurisdiction to consider Petitioner's Rule 60(b)(4) motion, it should be denied. First, the motion is time-barred. Although the time for filing a motion under Rule 60(b)(4) "is not constrained by reasonableness," *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126, 1130 (11th Cir. 1994), the rule "does not provide a license for litigants to sleep on their rights," *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 275 (2010). Petitioner "knowingly sat on his rights," *Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 737 (11th Cir. 2014), when he waited ten years to file his Rule 60(b)(4) motion based on facts that arose during his pretrial proceedings, appeal, and initial § 2255 motion. *See Saldana v. United States*, 797 F. App'x 420, 422 (11th Cir. 2019) (a § 2255 motion styled as a Rule 60(b)(4) motion filed 12 years after the denial of the initial § 2255 motion was untimely). Because Petitioner

8

has not provided an "acceptable reason for this delay," *Stansell*, 771 F.3d at 737, the motion should be denied as untimely.

Second, the motion is an improper attempt to relitigate a Sixth Amendment claim Petitioner has raised (and lost) at every juncture of this case. Generally speaking, federal courts disfavor the adage encouraging the unsuccessful to "try, try again." *See, e.g.*, *In re Moncier*, 488 F. App'x 57, 60 (6th Cir. 2012) ("In federal courts, the maxim, 'if at first you don't succeed, try, try again' does not apply. If at first you don't succeed, quit, or appeal. Don't persist in asking the same court for permission to do what has already been prohibited."). Rule 60(b) is no exception. *See Marques v. JP Morgan Chase, N.A.*, 805 F. App'x 668, 671 (11th Cir. 2020) (movant failed to show a compelling justification for relief from judgment where her Rule 60(b) motion "merely repackage[d] arguments" that were previously addressed); *Gilley v. Monsanto Co., Inc.*, 428 F. App'x 883, 885 (11th Cir. 2011) (affirming the denial of Rule 60(b) motion that was "merely a rehash of arguments previously considered and rejected by both [the Eleventh Circuit] and the district court"); *see also Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 157 (5th Cir. 2004) (movant "may not use a Rule 60(b) motion as an occasion to relitigate its case"). As the undersigned explained in 2018, Petitioner argued in his direct appeal that the trial court

9

violated his Sixth Amendment right to counsel, and he pleaded the same issue in his initial § 2255 motion.  ECF No. 3551 at 4–5.  Petitioner's instant challenge to his conviction and sentence is no different from his prior Sixth Amendment claims, and, therefore, does not warrant relief in a Rule 60(b)(4) motion.

## III.  CERTIFICATE OF APPEALABILITY

This leaves the question of whether the Court should grant Petitioner a certificate of appealability under 28 U.S.C. § 2253.  Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  To warrant the issuance of a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("[A] substantial showing of the denial of a constitutional right … includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (internal citations

omitted)).  If a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a prisoner seeking a certificate of appealability must further demonstrate "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 478.

The district court should not issue a certificate of appealability.  A certificate of appealability is not required for Petitioner "to appeal from the denial of a Rule 60(b) motion [if] … the district court construe[s] the motion as an unauthorized second or successive § 2255 motion and conclude[s] that it lack[s] jurisdiction." *United States v. Casado*, 819 F. App'x 788, 790 (11th Cir. 2020) (citing *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004)).  Moreover, upon review of the record, reasonable jurists cannot debate the timeliness of Petitioner's Rule 60(b)(4) motion or the merits of his Sixth Amendment claim.

## IV.  CONCLUSION

Accordingly, it is respectfully **RECOMMENDED** that:

1.  Petitioner's "Motion for Relief from Void and Default Judgment," ECF No. 3556, should be **DISMISSED** for lack of jurisdiction. Alternatively, the motion should be **DENIED**.

2.  A certificate of appealability under 28 U.S.C. § 2253 should be **DENIED**.

11

**IN CHAMBERS** this 29th day of September 2020.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.