IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No. 1:88cr1026/MW

JOSE SEPULVEDA

_____/

## GOVERNMENT'S RESPONSE TO SEPULVEDA'S
## MOTION FOR COMPASSIONATE RELEASE

Comes now the United States of America, by and through the undersigned

Assistant United States Attorney, and files this response to Sepulveda's May 19,

2021, motion for compassionate release.

### FACTS

A.      Sepulveda's crimes of conviction and the procedural history of the
        case.[1]

Subsequent to the return of a fifth superseding indictment by a grand jury,

and a finding of guilt on Counts Two and Three by a petit jury, in 1999 the Court

adjudged Sepulveda guilty of (Count Two) conspiracy to import controlled

---

[1] The facts of this case are set forth in more detail at Doc. 3321 - Pgs. 3-10, that is, pages 2-9 of the Eleventh Circuit's December 24, 2002, opinion affirming the Court's judgment and sentence on direct appeal.  The facts of this case are also set forth in detail at Doc. 3354-2 - Pgs. 2-21, that is, pages 3-22 of the government's brief regarding Sepulveda's direct appeal in this case.  This response contains the facts that the government submits are relevant to adjudicating Sepulveda's motion for compassionate release.

substances, in violation of 21 U.S.C. §§ 952, 960(b)(1)(A), and 963, and (Count

Three) conspiracy to possess with intent to distribute controlled substances, in

violation of 21 U.S.C. §§ 841(b)(1)(A) and 846.  (Doc. 1843 - Pgs. 2-4; Doc. 2935;

Doc. 3022-1 - Pg. 1).  The Court also adjudged Sepulveda guilty of five counts of

Contempt of Court in violation of 18 U.S.C. § 401.  (Doc. 3022-1 - Pg. 1).

The Court sentenced Sepulveda to concurrent terms of life imprisonment on

Counts Two and Three.  (Doc. 3022-1 - Pg. 2).  The Court sentenced Sepulveda to

six-month terms of imprisonment on his contempt of court convictions, with those

sentences running concurrent with each other and consecutive to the sentences on

Counts Two and Three.  (Id.).  The Eleventh Circuit affirmed the Court's judgment

and sentence on direct appeal.  (Doc. 3321).

Sepulveda was a leader/organizer of a large drug importation and

distribution organization which began in the late 1970s, which imported large

quantities of marijuana and cocaine into the United States.  (Presentence

Investigation Report ("PSR"), ¶¶ 38-40; Doc. 3022-1 - Pg. 7).  Sepulveda was

responsible for at least 10,251 kilograms of marijuana and 206 kilograms of

cocaine.  (PSR, ¶ 69; Doc. 3022-1 - Pg. 7).  Sepulveda's total offense level was 46,

his criminal history category was I, and his Guidelines range was life

imprisonment.  (PSR, ¶¶ 69-80, 108; Doc. 3022-1 - Pg. 7).

On direct appeal, among other things, the Eleventh Circuit held (1) this Court properly declined to appoint Sepulveda counsel and this Court did not violate Sepulveda's Sixth Amendment right to counsel or 18 U.S.C. § 3006A, and (2) because the petit jury did not determine the drug quantity for which Sepulveda was responsible, error had occurred under Apprendi v. New Jersey, 530 U.S. 466 (2000); however, the Apprendi error was harmless.  (Doc. 3321 - Pgs. 3-4, 10-13, 17-21).

In 2004, Sepulveda filed a 28 U.S.C. § 2255 motion.  (Doc. 3336).  A United States Magistrate Judge ("the magistrate court") recommended that the Court deny Sepulveda's § 2255 motion, and the Court adopted the R&R and did so.  (Doc. 3479; Doc. 3414; Doc. 3415).  Among other things, the Court denied Sepulveda's claims that he was entitled to relief because (1) the Court improperly declined to appoint counsel to represent him, and (2) he was improperly sentenced under Apprendi.  (Doc. 3479 - Pgs. 5-7, 10-11; Doc. 3514 - Pgs. 1-3).  Sepulveda appealed the Court's denial of his § 2255 motion.  (Doc. 3516).  Both this Court and the Eleventh Circuit denied Sepulveda's motion for a certificate of appealability.  (Doc. 3521; Doc. 3534).

In October 2019, Sepulveda filed a motion for relief under Fed. R. Civ. P. 60(b)(4).  (Doc. 3556).  In his Rule 60(b)(4) motion Sepulveda claimed his convictions in this case were invalid because the Court improperly declined to

appoint counsel for him in this case.  (Doc. 3556 - Pgs. 1-33).  Sepulveda also

claimed he was entitled to relief because on direct appeal the Eleventh Circuit

incorrectly rejected his claim that this Court improperly declined to appoint

counsel for him in this case.  (Doc. 3556 - Pgs. 24-25).  The magistrate court

recommended that the Court dismiss, or in the alternative deny, Sepulveda's Rule

60(b)(4) motion.  (Doc. 3560).  The magistrate court recommended that the Court

dismiss Sepulveda's motion for lack of jurisdiction because it attacked the Court's

criminal judgment against Sepulveda on the merits and the Eleventh Circuit had

not authorized Sepulveda to file a successive 28 U.S.C. § 2255 petition.  (Doc.

3560 - Pgs. 5-8).  In the alternative, the magistrate court recommended that the

Court deny Sepulveda's motion for two reasons: (1) it was untimely, and (2) it was

an improper attempt to relitigate a Sixth Amendment right to counsel claim that

Sepulveda had previously raised, and lost, in this case.  (Doc. 3560 - Pgs. 8-10).  In

October 2020, the Court adopted the magistrate court's R&R, dismissed

Sepulveda's Rule 60(b)(4) motion for lack of jurisdiction, and in the alternative

denied Sepulveda's Rule 60(b)(4) motion as untimely.  (Doc. 3562).  Sepulveda

timely appealed the Court's order.  (Doc. 3564).

    Sepulveda filed a merits brief regarding the appeal; the government filed a

motion for summary affirmance; and the appeal is under submission with the

Eleventh Circuit.  (Sepulveda v. United States, Eleventh Circuit Case No. 20-14253).

> B.   Sepulveda's request to the Warden for compassionate release and Sepulveda's medical condition.

In February 2020, Sepulveda made a request for compassionate release to the Warden of the prison where he was incarcerated and the Warden denied his request.

In footnote 2 of his motion for compassionate release, Sepulveda alleges as follows:

> Age-Related and Family circumstances are present in Sepulveda's case.  His mother is 83 years old and lives with her ill husband and needs her only son to care for them.  Also, Sepulveda turned 65 years old [in] 2020 and is a chronic care inmate, with deterioration cause[d] by aging and has been incarcerated for twenty-four years.

(Doc. 3575 - Pg. 9 n.2).

Sepulveda offered no evidence to support his allegations in footnote 2. Attached to this response as composite exhibit 1 is a copy of (a) a six-page BOP "Health Problems" list, (b) a one-page BOP immunizations record, and (c) a four-page BOP clinical encounter record, all regarding Sepulveda. Those records show that he has no serious medical conditions that are not being treated or that have not resolved.  (Exhibit 1 - Pg. 1-11).  In October 2020, Sepulveda "Had COVID 19 and cleared with no side effects."

(Exhibit 1 - Pg. 8).  In April 2021, Sepulveda received both doses of the

COVID-19 Pfizer-BioNTech vaccination.  (Exhibit 1 - Pg. 7).

     C.     <u>Sepulveda's disciplinary history</u>.

A copy of Sepulveda's BOP disciplinary history is attached to this

response as exhibit 2.

LAW AND ARGUMENT

     A.     <u>Jurisdiction</u>.

Because this case is on appeal, the Court lacks jurisdiction to grant

Sepulveda's motion for compassionate release.  <u>See</u> <u>Griggs v. Provident Consumer</u>

<u>Discount Co.</u>, 459 U.S. 56, 58 (1982) (<u>per</u> <u>curiam</u>); <u>United States v. Tovar-Rico</u>,

61 F.3d 1529, 1532 (11th Cir. 1995).  The Court may deny the motion or make an

indicative ruling that it would grant the motion if the Eleventh Circuit remands the

case.  Fed. R. Crim. P. 37(a).

     B.     <u>The compassionate release statute</u>.

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended

by the First Step Act on December 21, 2018, provides in pertinent part:

> (c) Modification of an Imposed Term of Imprisonment.---The court
> may not modify a term of imprisonment once it has been imposed
> except that---
>
> (1)  in any case---
>
> (A)  the court, upon motion of the Director of the Bureau of Prisons,
> or upon motion of the defendant after the defendant has fully

6

exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that---

(i)   extraordinary and compelling reasons warrant such a reduction... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582 (2018).

Further, 28 U.S.C. § 994(t) provides:  "The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."  Accordingly, the relevant policy statement of the Commission is binding on the Court.  United States v. Lynn, 2019 WL 3805349, at *1-4 (S.D. Ala. 2019); see also Dillon v. United States, 560 U.S. 817, 827 (2010) (where 18 U.S.C. § 3582(c)(2) permits a sentencing reduction based on a retroactive guideline amendment, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," the Commission's pertinent policy statements are binding on the court).

The Sentencing Guidelines policy statement appears at § 1B1.13 and

provides that the Court may grant release if "extraordinary and compelling

reasons" exist, "after considering the factors set forth in 18 U.S.C. § 3553(a), to the

extent that they are applicable," and the Court determines that "the defendant is not

a danger to the safety of any other person or to the community, as provided in 18

U.S.C. § 3142(g)."  That is, compassionate release is available where: (1) there are

extraordinary and compelling reasons, and (2) the § 3553(a) factors, including

whether the defendant is a danger to the community, show that release is

warranted.  U.S.S.G. § 1B1.13; United States v. Saunders, 986 F.3d 1076, 1077-78

(7th Cir. 2021); United States v. Ruffin, 978 F.3d 1000, 1005, 1008-09 (6th Cir.

2020); United States v. Chambliss, 948 F.3d 691, 693-94 (5th Cir. 2020); United

States v. Lisi, 440 F.Supp.3d 246, 249, 252-53 (S.D.N.Y. 2020); United States v.

Willis, 382 F.Supp.3d 1185, 1187-89 (D.N.M. 2019).

Moreover, with regard to the first requirement, the Sentencing Commission

has identified what may constitute "extraordinary and compelling reasons" as

follows:

> 1. **Extraordinary and Compelling Reasons.**---Provided the
> defendant meets the requirements of subdivision (2) [regarding
> absence of danger to the community], extraordinary and compelling
> reasons exist under any of the circumstances set forth below:
>
> (A)     **Medical Condition of the Defendant.**---

(i)      The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii)     The defendant is---

(I)      suffering from a serious physical or medical condition,

(II)     suffering from a serious functional or cognitive impairment, or

(III)   experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B)     **Age of the Defendant.**---The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C)     **Family Circumstances.**---
(i)      The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii)     The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D)     **Other Reasons.**---As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.  For its part, consistent with note 1(D), BOP

promulgated Program Statement 5050.50, available at

https://www.bop.gov/policy/progstat/5050_050_EN.pdf, amended effective

January 17, 2019, to set forth its evaluation criteria.

The defendant has the burden to show circumstances meeting the test for

compassionate release.  United States v. Mattingly, 2020 WL 974874, at *3 (W.D.

Va. 2020); Lisi, 440 F.Supp.3d at 249; United States v. Heromin, 2019 WL

2411311, at *2 (M.D. Fla. 2019); White v. United States, 378 F.Supp.3d 784, 785

(W.D. Mo. 2019); see also United States v. Hamilton, 715 F.3d 328, 337 (11th Cir.

2013) ("a defendant, as the § 3582(c)(2) movant, bears the burden of establishing

that a retroactive amendment has actually lowered his guidelines range in his

case"); United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992) (a "party with

an affirmative goal and presumptive access to proof on a given issue normally has

the burden of proof as to that issue").  As the terminology in the statute shows,

compassionate release is "rare" and "extraordinary."  White, 378 F.Supp.3d at 787;

accord Willis, 382 F.Supp.3d at 1188.

> C.   Sepulveda has not shown that he is eligible for relief under the
>      compassionate release statute.

> i.   Sepulveda's claims outside of footnote 2 of his motion.

With the exception of page 9 footnote 2 of his motion for compassionate

release, Sepulveda seeks relief under the compassionate release statute for reasons

other than those set forth in U.S.S.G. § 1B1.13 cmt. n.1(A) - (C).  (Doc. 3575).

Other than the claims made in footnote 2 of his motion, Sepulveda's claims for

relief are foreclosed by binding Eleventh Circuit precedent.  United States v.

Bryant, ___ F.3d ___, 2021 WL 1827158, *1-2, 13-15 (11th Cir. 2021).

Accordingly, other than the claims in footnote 2 of Sepulveda's motion which are

addressed in subsection C ii below, the Court should deny Sepulveda's motion for

compassionate release.

For the sake of comprehensiveness, the government notes that even if the

Court had the authority to find that extraordinary and compelling reasons exist

based on "other reasons" apart from those set forth in U.S.S.G. § 1B1.13 cmt.

n.1(A)-(C), the Court should find that extraordinary and compelling reasons are not

present in this case.  In sum, Sepulveda argues extraordinary and compelling

reasons exists because he was unfairly sentenced or convicted for five reasons.

(Doc. 3575 - Pgs. 15-25).  For the reasons set forth below, none of those reasons

constitute extraordinary or compelling reasons.

First and second, Sepulveda contends he was unfairly sentenced because he

was sentenced in violation of Apprendi and because this Court improperly declined

to appoint a lawyer to represent him.  (Doc. 3575 - Pgs. 15-20).  Both of those

claims are meritless and foreclosed under the law-of-the-case doctrine.  (Doc. 3321

- Pgs. 3-4, 10-13, 17-21; Doc 3479 - Pgs. 5-7, 10-11; Doc. 3514 - Pgs. 1-3).  See

Schaivo ex rel. Schindler v. Schaivo, 403 F.3d 1289, 1291-92 (11th Cir. 2005) (per curiam); United States v. Escobar-Urrego, 110 F.3d 1556, 1560-61 (11th Cir. 1997).

Third, Sepulveda claims that he was sentenced in violation of Alleyne v. United States, 570 U.S. 99 (2013), a case that was decided over 14 years after Sepulveda was convicted in the present case. (Doc. 3575 - Pgs. 15-18). Any Allenye error that occurred in this case was as harmless as was the Apprendi error that occurred in this case. (Doc. 3321 - Pgs. 17-21; Doc. 3479 - Pg. 10-11; Doc. 3514). Alleyne, 570 U.S. at 103, 106-07, 115-16; Apprendi, 530 U.S. at 476, 490. Furthermore, "Allenyne does not apply retroactively on collateral review." Jeanty v. Warden, FCI-Miami, 757 F.3d 1283, 1285 (11th Cir. 2014) (per curiam).

Fourth, Sepulveda claims he should not have been sentenced under the Sentencing Guidelines because his crimes were committed before the Guidelines were enacted on November 1, 1987. (Doc. 3575 - Pgs. 20-21). This claim is without merit. Counts Two and Three of the fifth superseding indictment alleged that the conspiracy charged in each count extended into 1993; the jury found Sepulveda guilty of both of those counts; and the Court adjudged Sepulveda guilty of both of those counts. (Doc. 1843 - Pgs. 2-4; Doc. 2935; Doc. 3022-1 - Pg. 1). Moreover, the PSR, thet factual findings of which the Court adopted as correct, shows that the conspiracies continued after November 1, 1987. (PSR, ¶¶ 49-51;

12

Doc. 3022-1 - Pg. 7).  Furthermore, Sepulveda did not raise this claim on direct

appeal and he was procedurally barred from raising it, and did not raise it, in his

§ 2255 motion.  (Doc. 3321; Doc. 3479).  United States v. Nyhuis, 211 F.3d 1340,

1343-44 (11th Cir. 2000).

Fifth, Sepulveda claims that he was sentenced under a mandatory Guidelines

scheme and since the time he was sentenced the Supreme Court has ruled in United

States v. Booker, 543 U.S. 220 (2005) that the Sentencing Guidelines are advisory.

(Doc. 3575 - Pg. 21).  Booker does not apply retroactively on collateral review,

and the Court has previously rejected a Booker claim raised by Sepulveda in this

case.  (Doc. 3479 - Pgs. 10-11; Doc. 3514).  Varela v. United States, 400 F.3d 864,

868 (11th Cir. 2005).  Moreover, given the drug quantity for which Sepulveda was

responsible and the leadership role Sepulveda had in the conspiracy, Sepulveda

cannot show that if the Guidelines had been advisory when the Court sentenced

him then the Court would have sentenced him to less than life imprisonment.

Assuming for the sake of argument that the Court could grant a defendant

compassionate release for any reason that it found to be extraordinary and

compelling, finding the reasons set forth by Sepulveda to be extraordinary and

compelling would be to, in effect, allow him to circumvent the law-of-the-case

doctrine, binding caselaw regarding the non-retroactivity of Supreme Court

decisions, and the rules and law regarding § 2255 petitions.  The Court should not

countenance Sepulveda's attempt to circumvent that doctrine, law, and rules, and even if the Court had the authority to find Sepulveda's reasons to be extraordinary and compelling it should decline to do so.

      ii.      <u>Sepulveda's claims in footnote 2 of his motion</u>.

Sepulveda's claim that he is eligible for compassionate release under U.S.S.G. § 1B1.13 cmt. n.1(B) is without merit because he has not established that he is experiencing a serious deterioration in physical or mental health, and, in fact, his BOP medical records show he is not experiencing such a deterioration.  (Doc. 3575; Exhibit 1).

Sepulveda's claim that he is eligible for compassionate release under U.S.S.G. § 1B1.13 cmt. n.1(C) is without merit because he has not alleged, let alone established, that he needs to be released to care for his minor child, minor children, spouse, or registered partner.  (Doc. 3575).

      D.      <u>The 18 U.S.C. § 3553(a) factors</u>.

Assuming for the sake of argument that Sepulveda is eligible for compassionate release, the Court would still need to consider the § 3553(a) factors in deciding whether to grant Sepulveda relief.  U.S.S.G. § 1B1.13; <u>Saunders</u>, 986 F.3d at 1077-78; <u>Ruffin</u>, 978 F.3d at 1005, 1008-09; <u>Chambliss</u>, 948 F.3d at 693-94; <u>Lisi</u>, 440 F.Supp.3d at 249, 252-53; <u>Willis</u>, 382 F.Supp.3d at 1187-89.  Based on the drug quantity for which Sepulveda was responsible, the leadership role

Sepulveda held, and the fact that Sepulveda repeatedly acted in contempt of Court,

even if Sepulveda was eligible for relief, the Court should decline to grant him

relief under the § 3553(a) factors.

Respectfully submitted,

JASON R. COODY
Acting United States Attorney

s/ Robert G. Davies
Robert G. Davies
Assistant U.S. Attorney
Florida Bar No. 704301
21 East Garden Street, Suite 400
Pensacola, Florida 32502
(850) 444-4000

CERTIFICATE OF COMPLIANCE WITH N.D. FLA. LOC. R. 7.1(F)

I hereby certify that this response complies with the word limitation set forth

in N.D. Fla. Loc. R. 7.1(F).  This response contains 3,279 words.

s/ Robert G. Davies
Robert G. Davies
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been provided by the

Court's cm/ecf system to counsel of record this the 24th day of May, 2021.

s/ Robert G. Davies
Robert G. Davies
Assistant U.S. Attorney

15