# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

June 02, 2021

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 20-14253-GG
Case Style: Jose Sepulveda v. USA
District Court Docket No: 1:88-cr-01026-MW-GRJ-6

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing, are available at www.ca11.uscourts.gov.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1.

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Joseph Caruso, GG at (404) 335-6177.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6151

OPIN-1 Ntc of Issuance of Opinion

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14253
Non-Argument Calendar
_____

D.C. Docket No. 1:88-cr-01026-GRJ-6

JOSE ELIAS SEPULVEDA,

                                                                Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                                  Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(June 2, 2021)

Before JILL PRYOR, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Jose Elias Sepulveda, a federal prisoner, appeals the district court's dismissal of his *pro se* Federal Rule of Civil Procedure 60(b)(4) motion[1] for lack of jurisdiction because it was an unauthorized second or successive 28 U.S.C. § 2255 motion. His Rule 60(b)(4) motion sought relief from his 1999 judgment of conviction on the ground that the judgment was void because it was inconsistent with due process as he lacked counsel at trial. The government moves for summary affirmance of the district court's order and for a stay of the briefing schedule, arguing that the district court lacked jurisdiction to consider Sepulveda's motion because it was an unauthorized successive § 2255 motion.

Summary disposition is appropriate when "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

We grant the government's motion for summary affirmance because it is clearly right as a matter of law. Sepulveda was convicted by a jury of two conspiracy drug-related felony counts and sentenced to two concurrent life terms of imprisonment in 1999. We denied his claim on direct appeal that his conviction should be overturned because he was denied appointed counsel at trial in violation

---

[1] Rule 60(b)(4) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding . . . [if] the judgment is void." Fed. R. Civ. P. 60(b)(4).

of the Sixth Amendment, and we affirmed his convictions and sentences. *United States v. Sepulveda*, 55 F. App'x 900 (11th Cir. 2002) (unpublished) (table). In 2004, Sepulveda filed an unsuccessful *pro se* § 2255 motion to vacate, arguing in part that the district court violated his right to counsel by failing to appoint him counsel during his criminal proceeding.[2]

Subsequently, in 2019, Sepulveda filed the underlying *pro se* Rule 60(b)(4) motion, arguing that his judgment of conviction was void because of his lack of counsel during his criminal proceeding. Rule 60(b) motions are considered successive habeas applications if the movant "attacks the federal court's previous resolution of a claim on the merits."[3] *Banister v. Davis*, 140 S. Ct. 1698, 1709 (2020) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)). Before a movant may file a second or successive motion to vacate, he first must obtain an order from the court of appeals authorizing the district court to consider the motion. *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Absent authorization from this Court, the district court lacks jurisdiction to consider a second or successive

---

[2] Both the district court and this Court denied Sepulveda's request for a certificate of appealability.

[3] It is well established that Rule 60(b) does not provide for any relief from a criminal judgment. *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998).

motion to vacate sentence. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

Sepulveda's Rule 60(b)(4) motion attacked his judgment of conviction on the ground that it was void because he did not have appointed counsel at trial. He raised virtually identical arguments on direct appeal and in his original § 2255 motion, which was denied on the merits. Thus, his Rule 60(b) motion constituted a successive § 2255 motion. *Banister*, 140 S. Ct. at 1709; *Gonzalez*, 545 U.S. at 531–32. Sepulveda did not have authorization from this Court to file a second or successive § 2255 motion. Consequently, the district court properly dismissed his Rule 60(b)(4) motion for lack of jurisdiction. *Id.*; *see Farris*, 333 F.3d at 1216.

Accordingly, we GRANT the government's motion for summary affirmance and we DENY AS MOOT the accompanying motion to stay the briefing schedule.